**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Snyder, an individual, on behalf of herself and John Snyder, deceased,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV12-1405 PHX DGC<br><br>**ORDER** |

Plaintiff Patricia Snyder filed a complaint against the United States of America on June 29, 2012. Doc. 1. Rule 4(i) of the Federal Rules of Civil Procedure requires a party seeking to serve the United States to serve a copy of the summons and complaint on the United States Attorney for the district in which the action is brought and on the Attorney General of the United States. Fed. R. Civ. P. 4(i). Additionally, Rule 4(m) provides a 120-day time limit for service.

Plaintiff served the United States Attorney for the District of Arizona on October 29, 2012 (Doc. 8), but failed to serve the Attorney General of the United States at Washington, D.C. within 120-days of initiating this action. The Court issued an order on December 14, 2012, noting that Plaintiff had failed to properly serve Defendant within the time required by Rule 4(m), and directing the Clerk of the Court to terminate the matter on December 28, 2012, without further leave, if Plaintiff failed to show good

cause for her failure to serve beforehand. Doc. 9.

Plaintiff served the Attorney General of the United States at Washington, D.C. on December 18, 2012. Doc. 11-1. Plaintiff did not respond, however, to the Court's December 14, 2012, Order (Doc. 9), requiring Plaintiff to show good cause for her failure to serve Defendant in accordance with Rule 4(m).

Defendant has filed a motion to dismiss the complaint for failure to serve as required by Rule 4(m). Doc. 12. The motion is fully briefed. No party has requested oral argument. For the reasons set forth below, the Court will deny the motion.

**I.   Discussion.**

Rule 4(m) provides that "the court shall extend the time for service" upon a showing of "good cause." Plaintiff asserts that good cause exists because as the time for service approached, she had to seek new counsel, and, due to this confusion, service was not accomplished until December 18, 2012. Doc. 13 at 2. Plaintiff's counsel filed a motion to withdraw on July 8, 2012 (Doc. 6), which the Court denied on July 10, 2012 (Doc. 7) for failure to comply with Local Rule of Civil Procedure 83.3(b). Since July 2012, there has been no motion to withdraw or notice of substitution of Plaintiff's counsel. "Good cause generally does not exist . . . when a plaintiff merely encounters difficulties in completing service, such as 'failure to receive a waiver of formal service, ignorance of the rule, the absence of prejudice to the defendant, office moves or personal problems, the belief that the time requirement was only technical, the filing of an amended complaint, inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party.'" *Dema v. Snell & Wilmer, L.L.P.*, No. CV-07-473-PHX-DGC, 2007 WL 2287841, at *1 (D. Ariz. Aug. 8, 2007) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1137 (2002)). The Court finds that Plaintiff's lack of service falls into this category. Plaintiff has failed to explain how her counsel's failed attempt to withdraw precluded her from timely serving Defendant.

The Ninth Circuit has held, however, that district courts have broad discretion

under Rule 4(m) to extend time for service even without a showing of good cause. *See United States v. 2,164 Watches,* 366 F.3d 767, 772 (9th Cir. 2004). This holding is consistent with the Advisory Committee Notes to Rule 4(m), which "authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." (1993 Amendments). Given that both Parties agree Defendant was given actual notice of the lawsuit within 120-days (Doc. 13 at 2; Doc. 15 at 3), that Defendant has suffered no prejudice as a result of Plaintiff's failure to timely serve the Attorney General in Washington, D.C. (Doc. 13 at 2; Doc. 15 at 3 n. 1), and that Plaintiff would suffer prejudice if the action were now dismissed (Doc. 13 at 2; Doc. 15 at 3), the Court will exercise its discretion and excuse Plaintiff's untimely service. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting that "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)" and that "[i]n making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." (internal quotation marks and citations omitted)).

Plaintiff failed to comply with this Court's order (Doc. 9) directing her to show good cause for failing to comply with Rule 4(m). Although Plaintiff has now served Defendant in compliance with Rule 4(i), this compliance does not remedy her direct violation of a Court order. The Court advises Plaintiff and Plaintiff's Counsel to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure. Further disregard of the Court's order will result in sanctions.

The Court will not allow this matter to languish. Defendant's answer is due 60 days from the date of this order. *See* Fed. R. Civ. P. 12(a)(2). The Court will schedule a Rule 16 Case Management Conference by another order.

**IT IS ORDERED** that Defendant's motion for dismissal (Doc. 12) is **denied**.

Dated this 13th day of February, 2013.

_____
David G. Campbell
United States District Judge