**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Snyder,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-12-01405-PHX-DGC<br><br>**ORDER** |

On March 27, 2013, the United States of America ("Defendant" or "the Government") filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. Doc. 19. Plaintiff Patricia Snyder filed a response on April 8, 2013 (Doc. 21), and the Government filed a reply on April 17, 2013 (Doc. 23). No party sought oral argument. For the reasons that follow, the Court will grant the Government's motion to dismiss.

**I.     Background.**

John Snyder, Plaintiff's husband, died on July 27, 2010 in his spa. Doc. 1 ¶ 14. The medical examiner determined that the cause of death was asphyxia due to accidental drowning. *Id*. Prior to his death, Mr. Snyder had received both outpatient and inpatient medical treatment at the Phoenix Veterans Administration Health Care System (VA). Plaintiff alleges that her husband was the victim of medical malpractice during his treatment and that the treatment led to his death. She now brings this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), for medical malpractice and negligent infliction of emotional distress.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. Analysis.

### 1. Negligence.

The liability of the United States under the FTCA is determined in accordance with the law of the state where the allegedly negligent act occurred. *Miller v. United States*, 945 F.2d 1464, 1466 (9th Cir. 1991). In Arizona, a negligence claim requires a Plaintiff to prove "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (2007).

The complaint in this case mentions many doctors who treated Mr. Snyder and generally asserts that they engaged in various forms of misconduct. The Court cannot find, however, that any claim against any individual adequately pleads all four of the required elements under Arizona law. Plaintiff has not pled the relevant standard of care, nor has she pled specific facts as to how any of the individual doctors breached that standard.

Furthermore, even if Plaintiff had articulated a negligence claim against an individual doctor, she has not shown how any of the alleged negligence during treatment caused Mr. Snyder's death. A defendant's acts are the proximate cause of a plaintiff's

injury only if they are a substantial factor in bringing about the harm and the injury would not have occurred but for the defendant's negligent conduct. *Barret v. Harris*, 86 P.3d 954, 961 (Ariz. App. 2004). Here, the medical examiner determined that Mr. Snyder died of accidental drowning. The complaint does not show how misdiagnosis or malpractice at the hospital could have led to that result. The Court will dismiss the negligence claim for failure to state a claim.

### 2. Negligent Infliction of Emotional Distress.

In Arizona, negligent infliction of emotional distress requires that a plaintiff: "(1) witness an injury to a closely related person, (2) suffer mental anguish manifested as a physical injury, and (3) be within the zone of danger so as to be subject to an unreasonable risk of bodily harm created by the defendant." *Pierce v. Casas Adobes Baptist Church*, 782 P.2d 1162, 1165 (Ariz. 1989) (citations omitted).

Plaintiff claims that she suffered emotional distress as a result of watching her husband experience health problems that were exacerbated by the alleged negligence. Accepting her claims as true, Plaintiff has not pled that she was within a "zone of danger so as to be subject to an unreasonable risk of bodily harm created by the defendant." *Id*. Plaintiff has pled no facts that demonstrate that her own safety was ever in question. Plaintiff was not a patient subject to the allegedly negligent medical care. Accordingly the Court will dismiss this claim with prejudice.

### IV. Leave to amend.

The Court will dismiss the negligence claim with leave to amend. Should Plaintiff choose to amend her complaint, she should identify which specific doctors breached the duty of care, the specific acts of each doctor that breached the duty, and how each alleged breach proximately caused Mr. Snyder's death.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 19) is **granted.** Plaintiff shall file an amended complaint on or before **May 22, 2013**.

Dated this 2nd day of May, 2013.

David G. Campbell
United States District Judge